

FILED
2009 Jul-20 PM 01:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JAMES CARTER,** ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CV 09-B-0165-S |
| ) | |
| **MIDLAND CREDIT MANAGEMENT,** ) | |
| **INC.; EQUIFAX INFORMATION** ) | |
| **SERVICES, INC.,** ) | |
| ) | |
|    **Defendants.** ) | |

**MEMORANDUM OPINION**

This case is presently pending before the court on Motion to Dismiss filed by defendant Midland Credit Management, Inc. (Doc. 4.)[1] Plaintiff has sued defendant alleging a number of causes of action based on defendant Midland's furnishing false information to a credit reporting agency and/or failing to correct the false report. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 4), is due to be granted in part and denied in part.

**I. MOTION TO DISMISS STANDARD**

When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

1418, 1419 (11th Cir. 1993)(citations omitted); *see also Rivell v. Private Healthcare Systems, Inc.*, 520 F.3d 1308, 1309 (11th 2008).

> The allegations in the complaint are taken as true and construed in the light most favorable to the plaintiffs. [*Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir.2002).] However, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir.2007). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts*, 495 F.3d at 1295 (quoting *Twombly*, 127 S. Ct. at 1965). This rule does not "impose a probability requirement at the pleading stage." *Twombly*, 127 S. Ct. at 1965. Instead, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element. *Id*. "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" *Watts*, 495 F.3d at 1296 (quoting *Twombly*, 127 S. Ct. at 1965).

*Rivell*, 520 F.3d at 1309.

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

## II. STATEMENT OF FACTS

In its Brief in Support of its Motion to Dismiss, (doc. 5 at 3-4), defendant sets forth the following facts, which plaintiff does not dispute, (doc. 8 at 4):

> Plaintiff alleges that Midland sued him in the District Court of Shelby County, Alabama, to recover a debt. According to Plaintiff, the state court entered judgment in his favor. [(Doc. 1 ¶¶ 8-13.)] Plaintiff alleges that Midland continued to report the debt and Plaintiff's default to the CRAs despite knowledge that the state court entered judgment in his favor. [(*Id*. ¶ 16.)] Plaintiff alleges that Midland negligently, wantonly, recklessly, willfully, intentionally, and/or maliciously kept a false balance on Plaintiff's credit report, thereby "lead[ing] to false and defamatory information being published every time the Plaintiff Carter's credit report is accessed." [(*Id*. ¶¶ 46-49.)]
>
> Plaintiff contends that he disputed the debt with Defendant Equifax Information Services, Inc., a consumer reporting agency ("CRA"), who he alleges notified Midland of the dispute or, alternatively, did not properly notify Midland. [(*Id*. ¶¶ 25-26.)] Plaintiff alleges that all Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to conduct reasonable investigations. [(*Id*. ¶ 47.)]
>
> Plaintiff claims that all of these actions have caused him "past and future monetary loss, past and future damage to Plaintiff Carter's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages . . . ." [(*Id*. ¶ 52.)] He seeks "statutory, actual, compensatory and punitive damages, and costs[,] . . . expenses . . . [and] attorney's fees." [(*Id*. at 17.)]

(Doc. 5 at 3-4.)

## III. DISCUSSION

Defendant contends that plaintiff's claims under the Fair Credit Reporting Act ["FCRA"] are due to be dismissed on the ground that the Act does not provide a private cause of action for this claim. It contends that plaintiff's Fair Debt Collection Practices Act

["FDCPA"] claim and state-law claims are preempted or otherwise barred by the FCRA and that he has failed to adequately plead his state-law claims. Plaintiff concedes that he does not have a cause of action under § 1681s-2(a) of the FCRA; however, he insists he has a claim pursuant to § 1681s-2(b).[2]

---

[2]Section 1681s-2(b) states:

(b) Duties of furnishers of information upon notice of dispute

   (1) In general

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

   (A) conduct an investigation with respect to the disputed information;

   (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

   (C) report the results of the investigation to the consumer reporting agency;

   (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

   (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

       (I) modify that item of information;

**A.  FAIR CREDIT REPORTING ACT CLAIM – 15 U.S.C. § 1681s-2**

Defendant contends, "The Complaint fails to state a claim upon which relief can be granted, with the possible exception of a claim under 15 U.S.C. § 1681s-2(b).  The FCRA specifically denies Plaintiff a private cause of action against a "furnisher" for reporting inaccurate information pursuant to § 1681s-2(a)."  (Doc. 4  ¶ 3 [citing *Lofton-Taylor v. Verizon Wireless*, No. 05-0532-CG-B, 2006 WL 3333759, at *4 (S.D. Ala. Nov. 14, 2006), *aff'd* 262 Fed. Appx. 999 (11th Cir.), *cert. denied* 129 S. Ct.  493 (2008); *Robinson v. Am. Honda Finance Corp.*, No. 03-2220 B/A, 2005 WL 1009568, at *1 (W.D. Tenn. Mar. 31, 2005); *Banks v. Stoneybrook Apartments*, No. 1:99CV00561, 2000 WL 1682979, at *2 (M.D.N.C. June 1, 2000)][footnote omitted].)  Plaintiff contends that he has not made "any claim under § 1681s-2(a) as there is no private right of action."  (Doc. 8 at 4.)

Therefore, defendant's Motion to Dismiss, (doc. 4), as to any FCRA claim based on § 1681s-2(a), is moot.

---

(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

(2) Deadline

A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

15 U.S.C. § 681s-2(b).

**B. THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") – 15 U.S.C. § 1692**

Plaintiff alleges that defendant violated the FDCPA by (1) falsely reporting the debt, (2) engaging in illegal collection activities, (3) updating plaintiff's credit reports to show the false debt as well as to show the false debt was past due and in collection. (Doc. 1 ¶ 62.) Defendant contends that plaintiff's FDCPA claim is due to be dismissed because "the conduct alleged, even if true, does not constitute violation of the FDCPA, but instead is based entirely on [defendant's] duties as a 'furnisher' under the FCRA. . . . [A] report to a [credit reporting agency] does not provide a cause of action under the FDCPA." (Doc. 5 at 9-10.)

> Section 1692e(8) of the FDCPA states:
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8).  Defendant argues that § 1692e(8) should not "be used against a furnisher (who also happens to be a 'debt collector' for purposes of the FDCPA) for the communication of inaccurate information" to a credit reporting agency." (Doc. 5 at 12.) Such a limitation is not supported by the language of the FDCPA, and this court lacks the authority to modify § 1692e(8) to include it. *See Ali v. Federal Bureau of Prisons*, 552 U.S.

\_\_\_\_, 128 S. Ct. 831, 841 (2008)("We are not at liberty to rewrite the statute to reflect a meaning we deem more desirable.  Instead, we must give effect to the text Congress enacted . . . ." (footnote omitted)), *cited in Nguyen v. United States*, 556 F.3d 1244, 1256 (11th Cir. 2009)("We are not authorized to rewrite, revise, modify, or amend statutory language in the guise of interpreting it, . . . especially when doing so would defeat the clear purpose behind the provision." (internal citations omitted)).

Plaintiff alleges, and the court assumes as true, that defendant falsely reported the debt as part of a pattern and practice of forcing consumers to pay loans that were not owed in order to clear their credit.  (Doc. 1 ¶¶ 44-46, 50.)  Under these facts, plaintiff has alleged a cause of action against defendant as a debt collector for violation of the FDCPA.

Defendant's Motion to Dismiss, (doc. 4), will be denied as to plaintiff's FDCPA claim.

## C. STATE-LAW CLAIMS

Defendant contends that plaintiff's state-law claims are due to be dismissed because they are not sufficiently pled in the Complaint and because such claims are preempted by the FCRA.  The court finds that plaintiff's Complaint does not allege a state-law cause of action against defendant Midland.  The Complaint states:

> 74.  Defendant *Equifax* intentionally published false and defamatory information related to the Defendant Midland account.
>
> 75.  Defendant *Equifax* acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff Carter as set forth in this Complaint.  This includes the initial reporting of

Defendant Midland account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint.

76. Defendant *Equifax* assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and account.

77. Defendant *Equifax* violated all of the duties [it] had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

78. It was foreseeable, and Defendant *Equifax* did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff Carter.

79. Defendant *Equifax* acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff Carter as set forth in this Complaint. This includes the initial reporting of *Defendants*' accounts; the intentional refusal to properly update the accounts; and all other aspects as set forth in this Complaint.

80. Defendant *Equifax* invaded the privacy of Plaintiff Carter as set forth in Alabama law, including publishing false information about Plaintiff Carter's personal financial obligations.

81. The *Defendants* acted with intentional, reckless, or wanton conduct in attempting to collect this debt (Defendant [ ] *Midland*) and reporting this false information (all *Defendants*).

82. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to the CRAs.

83. As a result of this conduct, action, and inaction of all *Defendants*, Plaintiff Carter has suffered damage as set forth in this Complaint.

(Doc. 1 ¶¶ 74-83 [emphasis added].)  Unlike the allegations against Equifax, which specifically name a cause of action, plaintiff alleges only that defendant Midland "acted with

intentional, reckless, or wanton conduct in attempting to collect this debt . . . and reporting this false debt." (Doc. 1 ¶ 81.)  This singular statement in light of the allegations against Equifax in this Count is insufficient to state a claim against defendant Midland.

The court will not allow plaintiff to replead these claims with the substance required because the court finds that these claims are preempted.

Defendant contends these claims are due to be dismissed because they "relate to Midland's responsibilities as a 'furnisher' of information under the FCRA," and , thus, they are completely preempted by the FCRA. (Doc. 11 ¶¶ 8-9 [citing 15 U.S.C. § 1681t (b)(1)(f)].) Plaintiff contends that his state-law claims are actionable under 15 U.S.C. § 1681h(e).

The court notes a dispute exists among jurists in this district whether § 1681h(e) preserves any cause of action under state law against furnishers of information.

Section 1681h(e) states:

Except as provided in sections 1681n and 1681*o* of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C.A. § 1681h(e) (footnote omitted).  Defendant argues, "The three sections covered by [§ 1681h(e)] – 1681g, 1681h, and 1681m – regulate disclosures *to consumers* and duties

of ***users*** of information. None of those sections concerns a ***furnisher's*** duties of reporting and investigation. Section 1681t(b), on the other hand, clearly covers furnishers . . . ." (Doc. 5 at 15 [emphasis in original].) The court agrees.

Section 1681t(b)(1) provides:

No requirement or prohibition may be imposed under the laws of any State –

>   (1) with respect to any subject matter regulated under –
>
>   . . .
>
>   (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C.A. § 1681t (b)(1)(F). In a similar case in the Middle District, Senior Judge Albritton, discussing the plain language of the statutes, held that § 1681h(e) did not allow the state-law claims based on conduct prohibited by § 1681s-2:

>   Many district courts which have examined these two statutes [§ 1681h(e) and § 1681t(b)(1)(F)] have attempted to resolve a perceived conflict between them by following one of three lines of reasoning: [1] the view that § 1681t(b)(1)(F) completely subsumes § 1681h, *see e.g., Hasvold v. First USA Bank*, 194 F. Supp. 2d 1228, 1239 (D. Wyo. 2002); [2] the view that § 1681(b)(1)(F) only preempts claims arising after the furnisher of information has been provided notice, *see e.g., Riley v. General Motors Acceptance Corp.*, 226 F. Supp. 2d 1316, 1324 (S.D. Ala. 2002); and [3] the view that § 1681h applies to common law tort claims and § 1681t(b)(1)(F) to state statutory claims, *see, e.g., McCloud v. Homeside Lending*, 309 F. Supp. 2d 1335 (N.D. Ala. 2004). Another judge of this court, however, has determined that those three approaches need not be followed to resolve the issue of preemption and that the plain language of § 1681t(b)(1)(F) controls. *Abbett v. Bank of America*, No. 3:04cv1102-WKW, 2006 WL 581193 (M.D. Ala. March 8, 2006)(Watkins, J.).

>In construing a statute, the court must first look to the plain language of the statute. *See Albernaz v. United States*, 450 U.S. 333, 336, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1981). [Plaintiff] argues that the language of § 1681h(e) and § 1681t(b)(1)(F) conflict, and that this court should resolve that conflict and determine that his tort claims are not preempted because he alleges malice and willful intent, consistent with the exception in § 1681h(e).
>
>The court finds there is no ambiguity in § 1681t(b)(1)(F) on its face. It does not allow for state law prohibitions or requirements which relate to the responsibilities of furnishers of information to consumer reporting agencies. It appears to this court that § 1681h(e) should only be looked to to determine whether it conflicts with the plain language of § 1681t(b)(1)(F) if § 1681h(e) is otherwise applicable in the case. That is, this court should not undertake to resolve a theoretical conflict between statutes unless the statute which allegedly causes the conflict with the other, unambiguous, statute applies in the case.
>
>[Defendant] has argued that § 1681h(e) has no applicability in this case because [plaintiff's] claims do not fall within the categories of actions identified in § 1681h(e). As set out above, § 1681h(e) limits, with exceptions, the scope of the immunity it provides to particular kinds of claims "based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report . . . ." Sections 1681g and 1681h of the FCRA set out requirements of consumer reporting agencies in their disclosures to consumers. Section 1681m, as well as the remaining language of 1681h(e), apply to users of information which take adverse action against the consumer. [Plaintiff] has not alleged that [defendant] is a consumer reporting agency or that it took adverse action against him. Accordingly, § 1681h(e) is not applicable to the facts of this case and the liability limitation, and exceptions thereto, likewise are not applicable. Because those provisions do not apply, the court finds no conflict to be resolved with the plain language of § 1681t(b)(1)(F).

*Knudson v. Wachovia Bank*, 513 F. Supp. 2d 1255, 1259-60 (M.D. Ala. 2007)(footnotes omitted).

In this case, plaintiff has not alleged that defendant "is a consumer reporting agency or that it took adverse action against him [based on information provided by a consumer reporting agency]." *See id*. at 1260. Moreover, the information at issue – the alleged debt to Midland – is neither information disclosed pursuant to §§ 1681g, 1681h, and/or 1681m, nor information disclosed by Midland as a user of a consumer report. Under these circumstances, § 1681h(e) does not preserve plaintiff's state-law claims against defendant as a furnisher of information.

Section 1681t(b)(1)(F) provides, "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1681t(b)(1)(F). The subject matter under § 1681s-2 includes a prohibition against furnishers providing "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

Plaintiff alleges that defendant Midland "acted with intentional, reckless, or wanton conduct in attempting to collect this debt . . . and reporting this false information . . . ." (Doc. 1 ¶ 81.) The only conduct alleged in the complaint is that "Midland reported and continued to report to credit reporting agencies that Plaintiff Carter owed [Midland] money and was in default," which Midland knew was not true. (*Id*. ¶¶ 16, 33.) This conduct is the subject matter of § 1681s-2. Therefore, plaintiff's state-law claims are barred by § 1681t(b)(1)(F).

12

Based on the foregoing, defendant's Motion to Dismiss will be granted and plaintiff's state-law claims will be dismissed against defendant Midland.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendant's Motion to Dismiss, (doc. 4), is due to be granted in part and denied in part. Defendant's Motion to Dismiss is due to be denied as to plaintiff's claims under 15 U.S.C. § 1681s-2(b) of the FCRA and 15 U.S.C. § 1692e(8) of the FDCPA. However, Defendant Midland is entitled to judgment as a matter law as to plaintiff's state-law claims and his FCRA claims to the extent they are based on § 1681s-2(a). An Order granting in part defendant's Motion to Dismiss and dismissing these claims will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 20th day of July, 2009.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE